This is 4090742, The People v. Anthony. Is it Weissmiller? Wissmiller. We have for the appellant, Keith Yard, and for the appellate, Kathy Shepherd. Please proceed. Keith Yard on behalf of the appellant, Mr. Weissmiller. It is the defendant's position that the trial court erred in three ways. It is our position that they abuse their discretion, the trial judge abused their discretion by firstly improperly drawing a negative inference from the defendant's failure to allocute the error. Secondly, it's our position that she improperly referred in reference to aggravated DUI as equivalent to murder at sentencing. And third, that she sentenced Mr. Weissmiller to a term of imprisonment of 20 years that, under the terms of the act, we believe shocks the moral sense of the community. Now, drawing attention to the first alleged abuse of discretion, we believe that it occurred when the trial judge considered Anthony Weissmiller's failure to allocute at sentencing, and I believe that was an aggravated factor in her imposing her sentence. We also believe that it was improper for the trial court to draw a negative inference from Mr. Weissmiller's refusal to allocute at the sentencing hearing, and as such was a violation of the Fifth Amendment right to remain silent. The trial court's consideration of the defendant's failure to express remorse at the allocution portion was improper because it, in fact, punished the defendant for exercising his Fifth Amendment right. What in the record indicates the trial court did that? I saw no comments about his silence or his failure to allocate. The record, Your Honor, indicates that, well, she stated, actually stated in open court, that the legislature had determined that this offense, aggravated DUI, was equivalent to murder. Well, I know that she was likening what the legislature did as elevating this felony to the same level as murder, but where did she make any comments about his failure to allocate? In fact, she told him he didn't have to. And I also believe that she made a statement about his silence. Where does that appear? What did she say? Are you talking about where she says there's absolutely no remorse? When asked what your thoughts were on this case, you just wanted the shortest amount of time you can get, not, I'm sorry, etc.? Yes. Okay. Wasn't that communicated to the probation officer? I believe what he stated to the probation officer was that he wanted the lightest sentence he could get. What I believe I'm trying to get across, of course, is that the fact that he failed to actually allocate, I believe she took that into consideration when ordering 20 years in prison for aggravated DUI. She didn't say that. She, as Justice Meyerspoth pointed out, said he didn't have to. Why can't she consider his remarks to the probation officer? What about that addresses his alleged failure of allocation? What I'm confused is where it says anywhere in the record that she took into consideration his non-remorsefulness to the probation officer. You mean when she says there's no remorse here, she's got to point out where that comes from? And it's our position that the statement was made in response to him not allocating. Okay, go ahead. The second abuse of discretion that the defendant alleges is that there was an improper reference to the DUI being equivalent to murder. I believe that making that statement by the trial judge in turn allows the trial court to draw negative inferences from the act of murder and the act of driving under the influence, I believe was improper under the Illinois Constitution portion of the Penalties Clause, where all penalties in the state shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. And it's our position that a 20-year sentence for a DUI in which the alleged act was driving impaired, making an illegal U-turn, and being pulled over, that that violates the proportion of penalties clause, that the offense does not fit the seriousness of the penalty, and that it certainly doesn't, in a timely fashion, restore the offender to useful citizenship. 20 years in prison is a long time, and under the facts of the case, it's our position that it's an abuse of discretion. Thirdly... Counsel, however, was this the sixth or seventh DUI conviction for your client? Yes. And based upon that high number of prior convictions, this DUI got elevated all the way up to a Class X felony? Yes, Your Honor. Therefore, the legislature has made a determination that the defendant could be sentenced anywhere from 6 to 30 years, and the court pretty much took the midpoint, slightly higher than the midpoint. How is that an abuse of discretion? It seems to me you're arguing you don't like the statute more so than just saying the court abused her discretion here. Actually, this defendant had three different DUI supervisions and eight additional convictions for DUI and 12 separate convictions for driving while revoked. Excuse me for interrupting. That's fine. Our position, Your Honor, is that the fact that there is a six-year minimum allows the court to impose the lower sentence based on the facts of the case at hand. And I believe that under the facts of the case that she sentenced him under, it was an abuse of discretion to give him 20 years imprisonment. Well, wouldn't it be reasonable for a trial court to conclude with all of the driving while license revoked, with all of the prior DUIs, that, gee, this person is never going to get the message and the only way I can keep this person from drinking and driving is to incarcerate him and incarcerate him indeed for a long period of time? Isn't that – wouldn't that be a reasonable decision by the trial judge? Or would it be a reasonable discretion for the trial court to make if I said that properly? I guess where I'm going, Judge, is that I believe it was unreasonable to sentence this gentleman to 20 years. And... Why? I think that... Why isn't he in ongoing danger on the highways, ready to kill somebody if he's permitted to get behind the wheel again? I think that 10 years in jail is a sufficient deterrent to this gentleman. Why should – how can you say it's unreasonable for the trial court to conclude, as you did, when all prior convictions and sentences to this point have obviously been to no avail whatsoever? Obviously, my position is that it – she obviously can sentence him to the 20-year sentence, but we believe it was an abuse simply because we believe it's too long for the actual act to occur. What do you suppose the trial court meant when it says that what you have done is just as bad as somebody murdering a spouse or a complete stranger? That was part of my abuse. Right. I'm trying to help you – segue you into that argument. What was the trial court getting at there? Well, actually, I'm not sure because I was a little taken aback by the statement that she was comparing the act that he committed to murdering his spouse. Basically, what we had was a gentleman driving out, impaired, and made a bad decision and turned on a one-way street. And I don't connote that to murder. Well, the only thing that I can glean from it is perhaps the trial court was thinking out loud, you know, you've had all these prior DUIs, driving without a license revoked, and you're just lucky that you haven't killed your spouse or a complete stranger because you've been drinking and driving so many different times. That's the only thing that I can think of why the trial court would have made such a very questionable statement. Any response to that? I didn't take it that way, Your Honor. I took it as her comparing his act to murder. Not that he got away with murder so many times from his prior DUIs, but she was actually comparing the statute saying that the legislature is saying this is comparable to murder, which I don't agree with. What's the penalty for murder? Very, very. Life without parole, 20 to 60 years. 20 to 60 is the standard, isn't it? Yes. And the penalty here is Class X offense, 6 to 30? Correct. So the first quarter of the penalties for murder are the same as the potential range here. Isn't that correct? Yes. Do you suppose that may have been the point the judge was making? I can't say what she was thinking, but being in the room at the time, I didn't get that feeling. Well, in fact, it's true that the 20-year sentence here indeed would be the minimum sentence someone convicted of murder would get. That is true. Hmm. I have nothing further. Thank you. Thank you, counsel.  Okay, please report, counsel. Mr. Shepherd, Judge Stein just raised a very interesting point. We have here a trial court saying what the defendant did is just as bad as murdering a spouse. Then the trial court proceeds to impose a sentence for 20 years, which is the minimum for a murder conviction. What am I to infer from that? It sounds like instead of the spin I put on it, this trial court meant what it said, and that is that what the defendant did was just as bad as murdering a spouse. I think we always have to take the court's comments in context, and in context the court was making those remarks right after defense counsel had argued this is not a serious offense. So you would attach no significance to the fact that this trial judge chose 20 years, that being the minimum, for murder? It seems that where Your Honor might be going is that there's a possibility maybe that these comments indicated that the court misunderstood that the sentencing range was other than Class X, and we would say that the record totally refutes that position because both parties argued Class X, the trial court referred to Class X. That's a good point. That's not really where I am going with this. In my view, if the trial court thinks this conduct is as bad as murdering a spouse, this trial court, in my view, is wrong. And if the trial court used that as a basis for imposing a 20-year sentence, which is the minimum for murder, then this trial court improperly sentenced the defendant here. That's where I'm going with this. I think that, again, the record would not support that conclusion because there was so much discussion of Class X. Correct me if I'm wrong. I thought it was 6 to 30 years for murder, under certain circumstances 20 to 60, and it can be a death penalty or life imprisonment. Is that right? I think it's 20 to 60 for murder. Just the Class X is 6 to 30, and what's the extended term? Extended term for Class X? Up to 60. Unless there's special Class X cases which... Which have unusual... Yeah, unusual. But the normal extended term for Class X would be up to 60. Well, and after the court made its comments here, in the same breath, it said, the trial court, the legislature views this as a very serious offense, and you could get sentenced for it to a maximum of 30 years, meaning that it had the Class X range in mind, everybody was talking about Class X, and again, there was such an emphasis by defense counsel on, well, this is not a big deal. What had he argued prior to those remarks? I don't have exact comments, but I argued in my brief that the argument was that this is not a big deal, yet this is not a very serious offense. Arguing for the minimum of 6, like you just did here? I would take your Honor's word for it. I think that's probably what he did, yes, and made it sound like all he did was turn the wrong way on a one-way street, and as I think it was Justice Myerspock pointed out before, this was in fact his ninth DUI. He only pleaded guilty to this being his seventh. They only alleged the prior six in the charging instrument, but in fact he had two older ones from, I think it was 1979 and 1980. So this is his ninth DUI, and he clearly does not learn. The legislature has said, once you commit six, you get Class X, and defense counsel was clearly arguing, no, it's not a big deal, and so the court's comments were in response to that argument, and also emphasizing the seriousness of the offense, and the classification that the legislature has put on this offense. And also I would point out that defendant defense counsel did not argue in his brief. He made a proportionate penalties argument that the trial court was somehow comparing these two offenses. He was not saying that the court misunderstood what the sentencing range was, or somehow imposed this greater sentence because of this comparison to murder. So we responded to the argument in the brief, and in addition, the record wouldn't support saying that there was an abuse of discretion as to those comments. As to the other issues, I think I would stand on my brief, but I need to bring up something that I called Mr. Yard about yesterday. In preparing for the argument for this case, I came across a decision, it's a second district case. I have copies for the court here. I talked to Mr. Yard about it, and he said he would look it up. He was in his car at the time. And I'll tell you what the case is about, and see if you'd like copies here. Did Mr. Yard have any objection to your presenting this? He said, did you? You didn't at the time. We haven't talked since. We talked on the phone, and you said, thanks for letting me know about the case, I'll look it up. And I expected that you might address it here, but you didn't. So I presume you have no objection? So this case involved a defendant who, like our defendant here, received a 20-year Class X sentence for DUI. He didn't commit quite as many DUIs as our defendant here. But the court in this case, Maldonado, found that there was an inconsistency in a couple of amendments to the DUI statute that were enacted on the same day and went into effect on the same day in 2006. And for that reason, because of that inconsistency, the court said the DUI statute as now written is ambiguous. Because it is internally contradictory, it states both the sixth or subsequent DUI, like we have here, shall be a Class I felony, and that a sixth or subsequent DUI shall be a Class X felony. Well, the statute has since been amended. The defendant here committed his offenses August 23, 2008. The statute was amended on June 1, 2008. This problem has been cured. But on its face, the decision in Maldonado says that the statute as now written is problematic. That is incorrect because the statute has since been amended. And also, this DUI statute is amended all the time. And the one that's in effect, the version in effect now, has actually been amended since the statute that was in effect when the defendant committed his crimes. But regardless, we're okay here. The statute has the amendment in effect at the time the defendant committed his crimes. It does not have this problem. But if the court would like a copy of this case or would like, I mentioned to Mr. Yard the possibility of supplemental briefing, whatever the court would like. This is not one of those situations where the defendant gets to choose which of the statutes? He tried to, and the court said the rule of lenity applies. He was trying, he was going for a class 4. And since that didn't apply to our case, I overlooked that part of the decision. He wanted less than class X, of course. And the court applied rule of lenity and said we have to go with, it also talked about the statute on statutes. It reduced his sentence to class 1, or the class of the offense to class 1, and vacated his class X. Did you say you had copies of that? I do. I'd like a copy, please. We appreciate your honesty and hard work. Thank you, counsel. Thank you. So unless the court has any further questions, we would simply ask that you come. Thank you, Ms. Shepherd. The record establishes the date of the commission of this offense being post the amendment? In our case, yes. Interestingly, in Maldonado, it does not indicate when Mr. Maldonado committed his offenses. But, yes, in this case, it does. Thank you. Counsel, do you wish to have five days to respond to Maldonado? Yes, ma'am. All right. Is there any objection?  All right. Five days to respond. Thank you.